JOHN MILROY v. THE SPURR MOUNTAIN IRON MINING COMPANY AND WILLIAM G. THOMPSON.

*Actions for labor debts against stockholders.*

<table>
<tr><td>43</td><td>231</td></tr>
<tr><td>f119</td><td>538</td></tr>
<tr><td>43</td><td>231</td></tr>
<tr><td>138</td><td>1 55</td></tr>
<tr><td>43</td><td>231</td></tr>
<tr><td>153</td><td>529</td></tr>
</table>

A perfected claim for labor will not support separate actions for the different amounts into which it may be divided, even though portions of it have been assigned and the division of the claim corresponds to the periods for which the laborer was hired.

An action on a labor debt may be brought in a justice's court against a corporation and stockholders jointly under Act 113 of 1877, § 35.

The Legislature is not forbidden by the Constitution to give jurisdiction to the circuit courts in cases where the amount claimed is less than $100.

Act 113 of 1877, § 35, provides that in actions on labor debts the clerk of the court shall indorse directions on the execution. *Held* to refer to the officer issuing the execution and not to exclude the justices' courts, in which the justice is his own clerk, from jurisdiction of such actions.

A Michigan court may well take judicial notice that stockholders in the mining corporations of the State are largely non-residents and beyond their jurisdiction for rendering personal judgments.

The individual liability for labor debts imposed on stockholders by the Constitution means a liability beyond that of members of the corporation and does not refer to their several liabilities.

The Legislature may prescribe the means of enforcing the Constitutional liability of stockholders for labor debts.

Act 113 of 1877 authorizes suits for labor debts to be brought against a corporation alone or jointly with one or more of the stock-

holders. *Held* that where a claimant has elected to sue the corporation alone and has recovered judgment, he cannot afterwards bring his action on the same debt or upon a claim including it, against the corporation and stockholders jointly, or conversely.

Under Act 113 of 1877 the property of a corporation is made primarily liable for labor debts, and the individual property of stockholders secondarily liable, and the stockholder's property cannot be taken until the corporate property is exhausted.

Error to the Superior Court of Detroit. Submitted January 22. Decided April 8.

ASSUMPSIT. Plaintiff brings error.

*Moore, Canfield & Warner* for plaintiff in error. Judgment against joint debtors, only one of whom has been served with process, is no bar to a new suit against all, on the original demand, *Bonesteel v. Todd* 9 Mich. 371; *Mason v. Eldred* 6 Wall. 231; *Oakley v. Aspinwall* 4 Comst. 514; nor is a foreign action a bar to an action on the original demand, Freeman on Judgments, §§ 220, 605; a judgment on a note given by one of several persons jointly indebted on book account is no bar to an action against all on the original demand, *Fairchild v. Holly* 10 Conn. 474; a judgment against both contractors on a contract that is both joint and several, is not a bar to an action against either, and a several judgment against either is not a bar to a joint judgment against both, *Trafton v. U. S.* 3 Story 646; *Charles v. Haskins* 11 Ia. 329; judgment is no bar nor merger of the demand as against a party beyond the jurisdiction and not served with process, *Brown v. Birdsall* 29 Barb. 549; judgment against a corporation does not prevent plaintiff's afterward suing the corporation and a stockholder jointly, *Hoard v. Wilcox* 47 Penn. St. 51; *Dodge v. Minnesota Plastic Slate Roofing Co.* 16 Minn. 368; *Vincent v. Sands* 42 How. Pr. 231; *Young v. Rosenbaum* 39 Cal. 646; *White v. Smith* 33 Penn. St. 186; judgment for so much of a claim for wages as has been assigned is not a bar to a

suit for so much as was not assigned, *Stickel v. Steele* 41 Mich. 350; *Huntington v. O. & L. C. R. R. Co.* 7 Am. L. Reg. 143; *Morgan v. Rowlands* 7 Q. B. 493: 2 Eng. 611.

*F. A. Baker* and *Ashley Pond* for defendant in error. A cause of action is merged when it has been prosecuted to a judgment which has not been reversed, *Sweet v. Brackley* 53 Me. 346; *West Feliciana R. R. Co. v. Thornton* 12 La. Ann. 736; and privileges or disabilities incidental to the judgment disappear thereby, *Sampson v. Clark* 2 Cush. 173; *Woodbury v. Perkins* 5 Cush. 86; *Kellogg v. Schuyler* 2 Den. 73; *Thompson v. Hewitt* 6 Hill 254; *Bangs v. Watson* 9 Gray 211; *Temple v. Scott* 3 Minn. 419; *Mallory v. Norton* 21 Barb. 424; *Beckman v. Manlove* 18 Cal. 389; *Stowers v. Barnard* 15 Pick. 221; *Andrews v. Varrell* 46 N. H. 17; *Mizell v. Moore* 7 Ired. 255; *Lowell v. Lane* 33 Barb. 292; judgment for fraud merges the original ground of action, so that in an action on the judgment defendant cannot be arrested as in actions for tort, *Mallory v. Leach* 14 Abb. Pr. 449; a judgment against some only of several joint obligors extinguishes the debt as against all, *Mason v. Eldred* 6 Wall. 231, overruling *Sheehy v. Mandeville* 6 Cr. 253; see *Robertson v. Smith* 18 Johns. 459; *Ward v. Johnson* 13 Mass. 148; *Wann v. McNuly* 2 Gilm. 359; *King v. Hoare* 13 M. & W. 495; *Smith v. Black* 9 S. & R. 142; *Candee v. Clark* 2 Mich. 255; *Sloo v. Lea* 18 Ohio 279; *Clinton Bank v. Hart* 5 Ohio St. 33; *Nichols v. Burton* 5 Bush 320; *Moale v. Hollins* 11 Gill. & J. 11; *Willings v. Consequa* 1 Pet. C. C. 301; *Ward v. Motter* 2 Rob. (Va.) 536; *Beltzhoover v. Com.* 1 Watts 126; *Williams v. McFall* 2 S. & R. 280; *Shively v. U. S.* 5 Watts 332; judgment against a corporation discharges the liability of the stockholders, *Handrahan v. Cheshire Iron Works* 4 Allen 396; *Mason v. Cheshire Iron Works* id. 398; a partial assignment cannot split a cause of action, *Ingraham v. Hall* 11 S. & R. 78; *Mandeville v. Welch* 5 Wh. 277; *Chapman v.*

*Shattuck* 3 Gilm. 49; *Fairgrieves v. Lehigh Co.* 2 Phil. (Pa.) 182; *Gibson v. Cooke* 20 Pick. 15; though a cause of action may be split with the debtor's consent, *Carrington v. Crocker* 37 N. Y. 336; a judgment is conclusive even though the defendant did not recover all he was entitled to, or did not include all the items of his demand, and this rule binds even where the moneys to be recovered belong to different persons in severalty and the action is in the name of the nominal plaintiff for the benefit of one only, *Pinney v. Barnes* 17 Conn. 420; nor need the plaintiff's claim in both suits be identical, if the defense is applicable to both suits, *Bouchaud v. Dias* 3 Den. 238.

MARSTON, C. J.   This action was brought against the corporation and one of its stockholders under section 35 of Act No. 113 of the Session Laws of 1877, p. 95.

It appeared upon the trial and was not disputed, that the plaintiff and his son, a minor, performed labor for the corporation in 1877 and 1878; that they worked six months, commencing September 1st, 1877, and that plaintiff was to receive eighty dollars per month, and for his son's labor thirty-five dollars per month. It was admitted that the value of the services of the plaintiff and his son for the six months ending March 1st, 1878, was six hundred and seventy-six dollars.

Early in February, 1878—the exact date does not appear—the plaintiff assigned to Bigelow, Dousman & Co., merchants at Michigamme, of his claim against the corporation, one hundred dollars and eleven cents. On the 13th of February, 1878, suit was commenced in justice's court to recover the amount so assigned, in the name of the plaintiff herein, for the use and benefit of Bigelow, Dousman & Co., and judgment was rendered therein February 27th for the amount assigned and costs. This judgment not having been satisfied, this action was brought to recover the entire amount that the plaintiff would have been entitled to from September 1st, 1877,

when he and his son commenced work, to March 1st, 1878.

The judgment rendered in justice's court was introduced by the defendants, who claimed, 1st, that such action having been brought against the corporation alone, the labor debt became merged in the judgment therein rendered, and that an action on the claim for labor could not afterwards be maintained against the corporation, or the stockholders, or both jointly; and 2d, that the assignment to Bigelow, Dousman & Co. of a part of plaintiff's claim, action brought and judgment recovered t erefor, would prevent the plaintiff from afterwards maintaining any action for that portion of his claim which had accrued at the time such action was commenced and not included therein.

To meet in part this second position the plaintiff claimed that the corporation had assented to the assignment, and that this would operate as a waiver of the objection. The plaintiff was permitted to recover for the services of himself and son which accrued subsequent to the date of the assignment, but not for any portion accruing previous thereto, and he now assigns error.

There was no evidence in the case tending to show any assent by the company which would prevent or preclude it from making this defense. There was evidence of negotiations between Bigelow, Dousman & Co. whereby they were to take assignments from the laborers of the amount of their respective accounts, give them credit for a specified time thereafter, and take the paper of the corporation, payable in three months, for the amounts assigned; but this was not consummated, they, Bigelow, Dousman & Co., giving notice of the assignments and commencing suit to recover the amount thereof immediately thereafter.

There can be no question, either upon reason or authority, that a claim like the present cannot be split and cut up into separate causes of action to suit the convenience or whim of the plaintiff. If so he could

assign, after working six months, a month's wages to an individual or firm, and so of each and every month, and thus have six separate suits commenced; or he might commence six separate actions in his own name. The assignment, and the fact that the suit was commenced in the assignor's name for the use and benefit of the assignees, can in law make no difference; the suit must be treated precisely as though the assignees had no interest whatever therein, so far as this question is involved. The fact that he was hired by the month, and that his wages were payable monthly, cannot make any difference. A man may be hired by the day, and at the close thereof a cause of action would accrue to him for his wages, and so for each day that he would work under such an agreement, he could quit work at any time and maintain an action for his unpaid wages. He could not, however, work thirty days or for any other period, then quit, and commence a separate action for each day's wages. In such a case, although the contract of hiring was by the day, and the parties may not have contemplated or provided for any additional labor, yet if they did silently proceed, the one to work and the other to receive his labor, at the expiration thereof the entire amount unpaid would constitute but one cause of action. To permit separate causes under such circumstances would be to subject the debtor to costs and expenses far in excess of the principal debt, besides the annoyance and injury which so many suits would necessarily be to him. This the law will not tolerate or permit. It gives the creditor a remedy against his debtor to enable him to collect his demand and the whole thereof, and it at the same time protects the debtor against needless and vexatious causes of action.

Can this action be maintained against the corporation and a stockholder, for the amount of the judgment recovered in the justice's court?

It was argued that the assignees had a right to sue

in the assignor's name for that part of the claim assigned to them, and that the Constitution and laws gave them the right to bring their action in justice's court; that the process of a justice would not extend and could not be served beyond the bounds of his county, and the stockholders who did not reside in the county could not therefore be reached, and that the remedy given by section 35 of the act of 1877 by its language was applicable only to courts of record.

The Constitution does not prohibit the Legislature from giving the circuit courts jurisdiction in cases where the amount claimed is less than one hundred dollars. The Constitution, art. vi., § 18, gives to justices of the peace in civil cases exclusive jurisdiction to the amount of one hundred dollars, "*with such exceptions and restrictions as may be provided by law.*" In suits between copartners and for the foreclosure of mortgages, the circuit courts in chancery are given jurisdiction by statute although the amount in dispute is less than one hundred dollars. 2 Comp. L. § 5059. So the circuit courts were given jurisdiction in claims against boats and vessels irrespective of the amount claimed, and other instances might be given.

Nor do we think that the language of section 35 will bear the construction contended for by counsel for plaintiff. The section does not in terms exclude justices' courts, but it requires the *clerk of the court* to indorse certain directions to the officer, upon the execution. And it is said that "clerk of the court" here means the circuit court, as there is no clerk in justices' court. This reference to or mention of the clerk is merely to the person issuing the execution, which in the circuit would be the clerk. In justices' court the execution is issued by the justice who acts as his own clerk and who under this statute would be the proper person to make the required indorsement, and we should require much clearer language than this to warrant us in saying that a justice of the peace would have no jurisdiction in actions sought to be commenced under this statute. The mere fact

that the process issued by the justice could not be served upon all the stockholders is an argument equally pertinent to many cases in the circuit. It is a fact of which this court may well take judicial notice, that very many of the stockholders in our mining corporations are non-residents of this State, and therefore beyond the jurisdiction of the circuit court, in so far as rendering a personal judgment against them is involved. But whether the remedy is ample or not, we are of opinion that justices' courts have jurisdiction in cases commenced under this section; and if anything is lacking to afford parties sufficient relief therein, another department of the government must be resorted to.

Section 35 makes the stockholders individually liable for all labor performed for such corporation, and specifies when and how the liability may be enforced. Suits against the stockholders must be brought within two years from the time when payment for such labor became due, and against the corporation alone at any time within six years. " Suit for such labor may be commenced against any or all the stockholders and the corporation jointly."

In *Hanson v. Donkersley* 37 Mich. 184 it was held that under the Constitution and statute then in force the stockholders were not primarily liable for corporation debts for labor.

The individual liability of the stockholders under the Constitution means a liability beyond that of members of the corporation, and has no reference to a mere separate or several one. While therefore the Legislature cannot relieve the stockholder from the liability imposed by the Constitution, yet it may point out and regulate the manner or method of enforcing the same. Prior to the act of 1877, with certain exceptions, the stockholder could only be held liable after a judgment had been obtained against the corporation, and an execution returned unsatisfied. In other words, the remedy against the corporation must have been first exhausted. Under the present statute a remedy is given against any

or all of the stockholders and the corporation jointly, to be commenced within two years, or against the corporation alone at any time within six years.   The creditor or laborer has here an option given him to pursue either the corporation alone, or join one or more of the stockholders with the corporation.   Should he sue the corporation and one of the stockholders and recover a judgment, clearly we think he could not afterwards commence and maintain an action against the corporation alone, or against it and some other of the stockholders jointly. Having once elected, by action and judgment, the party would be bound thereby.   Under the old statute two actions were given—first, one against the corporation; then, under certain circumstances, one against the stockholders.   Under the present statute a choice of remedies is given: the creditor may elect to pursue the corporation alone, or he may join as defendants with the corporation any or all of the stockholders; but he cannot even then proceed against their property by levy and sale upon his execution until the property of the corporation shall have been exhausted.   The property of the corporation is made primarily liable for the labor debts; the individual property of the stockholder secondarily.   The policy of the statute can be as effectively carried out against the property of the corporation where the stockholders are joined as where they are not, and the corporation should not be put to the expense of a suit against it alone, and then of a second where joined with one or more of its stockholders.

We are of opinion that where a creditor sues the corporation alone and recovers a judgment against it, he cannot afterwards maintain an action against the corporation and the stockholder for the same cause of action. The judgment in the first case, although unsatisfied, would be a bar in the second.

The judgment must be affirmed with costs.

GRAVES and CAMPBELL, JJ., concurred.

COOLEY, J.   I concur in the result.