HENRIETTA HOWE v. LEVI HYDE.

*Parent and child—Contract for support of mother—Consideration*
*—Charge to jury—Parties—Husband and wife—*
*Assignment of claim.*

| 88 | 91 |
| 122 | 569 |
| 88 | 91 |
| s50NW | 102 |
| 132 | ᵇ527 |

1. In a suit by a daughter to recover from her uncle for the care
   and board of her mother, the court instructed the jury that
   they must find that the defendant received a valuable consid-
   eration from the plaintiff, which induced him to make the
   contract relied upon, as a naked promise was void on general
   principles of law. The court also instructed the jury that if
   they should find that the defendant was desirous of aiding in
   the support of his sister, and agreed with the plaintiff to pay
   her the charges and expenses of such support above the pen-
   sion she was receiving, the plaintiff could recover what such
   support was reasonably worth. Error is assigned upon the
   first portion of the charge. And it is held that the second
   instruction, taken in connection with the first, sufficiently
   explained what would be a consideration for the promise of
   the defendant.

2. It was not error for the court to instruct the jury that the
   plaintiff was legally bound to maintain and care for her
   mother at her own expense, under the statutes of the State, if
   able to do so, and that the defendant was not liable to pay for
   his sister's support and maintenance.

3. A married woman brought suit in her own name for the sup-
   port of her mother. Her husband testified that the promise of
   the defendant to pay for such support was made to him per-
   sonally, and afterwards testified that it was made to himself
   and wife jointly, in which latter statement he was corroborated
   by his wife. The husband further testified that he was willing
   that his wife should bring the suit in her own name. The
   court instructed the jury that, if they should find that the
   promise was made to plaintiff and her husband jointly, she
   could not recover in her own name; which instruction is sus-
   tained, the statement of the husband as to his wife bringing
   the suit in her own name not being an assignment, nor an
   equivalent to an assignment, of his interest in the claim sued
   for.

Error to Shiawassee. (Newton, J.) Submitted on briefs October 6, 1891. Decided October 30, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*A. R. McBride,* for appellant, contended as stated in the opinion, citing no authorities.

*John T. McCurdy,* for defendant.

CHAMPLIN, C. J. The plaintiff brought this action to recover for board, clothing, and caring for Eunice Nearing, the defendant's sister, from May 17, 1884, to August 26, 1889, at five dollars a week, and also doctors' bills and funeral expenses incurred on account of said Eunice Nearing. Eunice Nearing was a sister of the defendant, and the mother of the plaintiff. The cause was tried in the Shiawassee circuit before a jury, and a verdict was rendered in favor of the defendant.

Several objections were taken during the course of the trial to the introduction and exclusion of testimony, and errors assigned thereon, which are now waived in the brief of the counsel for the plaintiff, and the only error relied upon is the charge of the court to the jury. In giving his instructions to the jury the learned circuit judge said:

"The jury must find from the evidence in the case that the defendant received a valuable consideration from the plaintiff, which induced him to make the contract relied upon in this case, as a naked promise is void on general principles of law."

Error is assigned upon this instruction. In ascertaining whether error has been committed in the charge of the court it is necessary and proper that the whole charge should be taken together; and, after this state-

ment of an abstract legal principle, the court instructed the jury as follows:

"If you find that the defendant was desirous of aiding in the support of his sister, and agreed with the plaintiff alone as an individual to pay her the charges and expenses of the support and care, at her death, over and above the pension the old lady received and was receiving, then the plaintiff would be entitled to recover what such support and care was reasonably worth, considering the situation in life occupied by the old lady and the plaintiff in her life-time."

Taking this in connection with the part of the charge complained of, it sufficiently explains what would be a consideration for the promise in this case.

It is further urged as error that the judge erred in his instructions to the jury where he used this language:

"I charge you that the plaintiff in this case was legally bound to maintain and care for her said mother at her own expense and charge, under the statutes of this State, if she was able to do so. I charge you, further, that the defendant is not legally bound to pay for the expense and maintenance of his sister."

There is no error in this. The statute expressly states whose duty it shall be to support the blind, old, or decrepit person who has no means of support.

Neither did the court err in his instructions to the jury upon the question as to who had the right to bring an action in case they should find that the promise was made upon the part of the defendant to pay for such support. The testimony was conflicting. The husband of the plaintiff at first swore that the promise was made to him personally, and afterwards to himself and wife jointly. The plaintiff herself testified that the promise was made to herself and husband jointly. The court instructed the jury that, if they should find the fact to be that the promise was made to the husband and wife jointly, the wife could not recover in this action in her

own name. There was no testimony in the case showing that the husband had sold or assigned his interest in the claim against the defendant to his wife previous to the bringing of the suit. He testified that he did not know of his wife bringing this suit at the time of it. He says: "She told me she had, or was talking about it." He further testified that he was willing that she should bring the suit in her own name for the recovery of this money. But this statement is not an assignment, nor an equivalent to the assignment, of his interest in the claim.

These are all the errors relied upon in plaintiff's brief.

The judgment is affirmed.

The other Justices concurred.