FOWLES v. HAYDEN.

130    47
s89ɴᴡ  571
132   ¹527

130   . 47
152    263

1. Trespass to Land—Pleading—Variance.

Where the declaration in an action for trespass to land avers ownership and possession by plaintiff, evidence showing title in plaintiff and her husband, as tenants by entireties, is irrelevant.

2. Same—Tenants by Entireties.

A wife cannot recover for a trespass to land owned and occupied by herself and husband as tenants by entireties, as it affects the entire estate.

Error to Benzie; Chittenden, J.    Submitted January 30, 1902.    (Docket No. 115.)    Decided March 18, 1902.

Trespass *quare clausum fregit* by Mary Fowles against John S. Hayden.    From a judgment for defendant, plaintiff brings error.    Affirmed.

*John W. Wilson* and *Nevius & Louiselle*, for appellant.

*D. G. F. Warner*, for appellee.

Moore, J.    This is an action of trespass, the plaintiff declaring against the defendant, "for that the said defendant, on, to wit, the 24th day of February, A. D. 1900, with force and arms, willfully, maliciously, and unlawfully entered upon the land owned by said plaintiff, * * * said plaintiff then and there being in the lawful possession of said premises, and other injuries then and there did to said plaintiff."    The defendant pleaded the general issue, and gave notice thereunder that where the said injuries are supposed to have been committed was a public highway at the time the said injuries are alleged to have been committed, and that, if acts were done by said defendant as alleged by said plaintiff, they were done by defendant

as highway commissioner, in the legal discharge of his said duties in clearing said highway of obstruction. The case was tried by the court without a jury. No request for findings of fact or law was made, and none were made. The court rendered judgment in favor of defendant. The case is brought here by writ of error.

Upon the trial it was stipulated that at one time Benzonia College was the owner of the land where the alleged trespass was committed; that, if plaintiff is entitled to anything, she is entitled to $5 and costs; that the alleged trespass was the cutting of a fence for the purpose of the highway claimed to have been laid out along the side of plaintiff's land, and that all the cutting was done inside the bounds of what is claimed by defendant to be the highway; and that the said claimed highway is the same highway over which litigation was had wherein Pauline Birdsell was complainant and John S. Hayden was defendant in one cause, and Mary Fowles was complainant and John S. Hayden was defendant in another cause. The plaintiff, by this stipulation, did not admit there was any highway there, either by user or by having been laid out.

For the purpose of showing title in plaintiff, a deed was offered in evidence, made by Benzonia College February 10, 1900, to John Fowles and Mary Fowles, his wife, grantees. Mr. Fowles testified the land was bought with money belonging to himself and wife, and that they were in possession at the time of the alleged trespass. At this stage of the case the defendant objected to the reception of any further evidence, and moved to dismiss the case, for the reason that, if any trespass had been committed, it was one against Mary Fowles and John Fowles, for which the wife alone cannot maintain an action; to which the counsel for plaintiff replied:

"We will say that the plaintiff was in possession of the land. The title is in her as much as it is in her husband, and in her husband as much as it is in her. There is no question about that. She was in possession of the premises at that time jointly with her husband. But, where only one

of them brings an action of trespass, that one is entitled
to only half of the damages.   The evidence will disclose
that Mr. Fowles himself, perhaps, has no action of dam-
ages there; that there was some sort of a proceeding to
lay out a road,—a highway,—and that Mr. Fowles, in his
own behalf, took an appeal from the action of the commis-
sioner, for himself and himself alone; and that we concede
that his rights there were adjudicated.     Mr. Fowles him-
self, in my opinion, is barred from an action against any
one trying to open a highway there,—that is, the path-
master or such officer,—because he has already tested his
right before the authorities in that regard; but Mrs.
Fowles is entitled to one-half whatever damages was done.
    "*The Court:*   Well, I will allow you to proceed in the
meantime."

Testimony was introduced by the plaintiff showing the
cutting of the fence by the defendant.   On the part of the
defendant it was shown that the question of the legality
of the same highway in controversy here was involved in
a case before the same judge in the same court where
Pauline Birdsell was complainant and John S. Hayden
was defendant; that a hearing was had thereon upon
pleadings and proofs taken in open court, in which the
court decreed the highway was regularly and legally
established.   Objection was made to the admission of the
decree in evidence because not properly pleaded, and also
because this plaintiff is not bound by the decree.   The de-
cree was received in evidence.   The plaintiff then sought
to show in rebuttal the proceedings of the commissioner of
highways, filed with the township clerk, claiming they
would show the highway was not legally established.   In
reply to an inquiry by the court, it was stated the alleged
trespass occurred after the decree in the Birdsell case.
The court then excluded the records from the office of the
town clerk, and rendered a judgment in favor of defend-
ant.

The first question which calls for consideration is, Can
plaintiff maintain this action of trespass, when she and
her husband are in possession of the land under a deed

running to both of them? It will be observed, the declaration alleges the title and the possession of the land were both in her. The proofs show they were in her and her husband, who held the land by the entirety. In *Speier* v. *Opfer*, 73 Mich. 35 (40 N. W. 909, 2 L. R. A. 345, 16 Am. St. Rep. 556), it is said:

" In this case the property to be improved and benefited was held by husband and wife jointly, and not as the separate property of the wife. Only at the death of the husband could the wife claim it as her separate property. During the lives of both, neither has an absolute inheritable interest; neither can be said to hold an undivided half. They take by entireties, and at the death of the wife the whole passes at once to the husband. *Manwaring* v. *Powell*, 40 Mich. 371; *Allen* v. *Allen*, 47 Mich. 74 (10 N. W. 113); *Ætna Ins. Co.* v. *Resh*, 40 Mich. 241. Neither has such a separate interest that he or she could sell, incumber, or devise, or which his or her heir could inherit. *Vinton* v. *Beamer*, 55 Mich. 559 (22 N. W. 40); *Fisher* v. *Provin*, 25 Mich. 347. It is an entirety, in which both take the same and inseparable interest. Neither can affect the other's rights by a separate transfer, and whatever will defeat the interest of one will defeat the other's. *Vinton* v. *Beamer*, *supra*."

In *Dickey* v. *Converse*, 117 Mich. 449 (76 N. W. 80, 72 Am. St. Rep. 568), there is a citation and review of the many authorities, making it unnecessary to call attention to them here. In that case it is said:

" This species of tenancy grows out of the unity of husband and wife, and is unlike that of joint tenants, who are each seised of an undivided moiety. The husband and wife are each seised of the whole, and not of undivided moieties. *Hardenbergh* v. *Hardenbergh*, 18 Am. Dec. 378 (10 N. J. Law, 42), note."

It was held this rule applied to the crops growing upon the land, as well as the land itself.

Applying these principles of law to this case, it is clear that, if a trespass was committed, it was not committed upon the property and possession of the wife, so that she could recover, as counsel urge, one-half the damages, and

for which she might give a release, but it was committed against the entire estate; and, to recover for such a trespass, the husband and wife must join. See, also, 21 Enc. Pl. & Prac. 805, and cases cited. The case made by the plaintiff is not the case stated in the declaration. This makes it unnecessary to pass upon the other assignments of error.

The judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.