BLACKBURN *v.* BLACKBURN.

132    525
e136    49

1. JOINT CONTRACTS—ACTION—NONJOINDER OF PARTIES.
   Where plaintiff and her husband, each owning individual interests in property, conveyed it to defendant upon an agreement that he should dispose of it and pay one-half of the proceeds to them, the contract was joint on the part of plaintiff and her husband, and, upon the latter's death, she could not bring suit for a part of the proceeds without joining with the representative of her husband's estate.

2. SAME—PLEA IN ABATEMENT—NOTICE.
   Nonjoinder of plaintiffs in an action on a joint contract need not be pleaded in abatement, or notice given under Cir. Ct. Rule 7.

Error to Alpena; Sharpe, J., presiding. Submitted October 16, 1902. (Docket No. 69.) Decided March 30, 1903.

*Assumpsit* by Cynthia A. Blackburn against William A. Blackburn for money had and received. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Joseph H. Cobb* ( *C. L. Collins*, of counsel ), for appellant.

*Charles R. Henry* and *Robert J. Kelley*, for appellee.

HOOKER, C. J. The trial court directed a verdict for the plaintiff in an action of *assumpsit*, and the defendant has appealed.

Defendant, William A. Blackburn, was the son of George N. Blackburn, deceased, and the stepson of the plaintiff. The plaintiff and her husband, George N. Blackburn, lived in Alpena, Mich., up to May, 1888, when they moved to Bryson City, N. C., taking considerable money with them, of which $700 belonged to the plaintiff. They built a hotel and drug store, which were opened in February, 1889, the title then being in George N. Blackburn. On May 20, 1889, he conveyed this property to his wife, the plaintiff, by warranty deed. In June, 1892, they wrote defendant, making him a proposition for him to go to North Carolina and take the property and contents, and sell and convert the same into money, and turn over one-half of the selling price to plaintiff and her husband. The personal property turned over belonged to plaintiff's husband, the realty to her, as we have said. The transfer was made, together with four policies of insurance, aggregating $5,000, which were assigned by the plaintiff, and one of $1,200, which was assigned by her husband. Defendant held possession of the property until November, 1892, when the hotel and much of its contents were destroyed by fire. After litigation, this defendant, William A. Blackburn, collected the insurance, which netted $5,542.95 after payment of $1,900 attorney's fees. All of this was received by him on January 16, 1896, and was derived from insurance on the hotel and furniture. Before this was received by defendant, and on October 9, 1895, George N. Blackburn died, and plaintiff was appointed administratrix at Alpena, where the deceased and she resided at the time of his death. The defendant refused to pay over any part of the money received as proceeds of the property, and plaintiff instituted two actions—this one in her own right, and another as administratrix—to recover the amount due them, claiming one-fourth in each action. Upon the trial it was conceded that the defendant had in his hands a total of

$5,880.62, and the court directed a verdict for the plaintiff for one-fourth of that amount ( which included the insurance money and a sum received by him on the sale of certain personal property ), with interest, as her share.

It is apparent from the testimony that plaintiff and her husband conveyed this property and assigned the policies of insurance upon an agreement by defendant to dispose of the same, and pay them one-half of the proceeds. This appears from the written instruments themselves, especially in the light of the circumstances surrounding the transaction, and it is not a forced construction to hold that the policies were for mutual protection. The contract was joint on the part of the plaintiff and her husband, and not several, and the demand was single, and should not have been split.

It is said that the nonjoinder of the husband's representative should have been pleaded in abatement; and, again, that under Cir. Ct. Rule 7 it should have been specially pleaded that this was a joint contract. This is not an affirmative defense. It was incumbent on the plaintiff to prove a several contract, and, failing to do so, her action fails, because she does not prove a contract to pay to her one-fourth of the sum realized, but a promise to pay to herself and another one-half. *Monaghan* v. *Insurance Co.*, 53 Mich. 253 (18 N. W. 797); *Howe* v. *Hyde*, 88 Mich. 93 (50 N. W. 102); *Fowles* v. *Hayden*, 130 Mich. 47 (89 N. W. 571); 1 Chitty, Pl. 7.

We are constrained to reverse the judgment, and direct a new trial.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.