## BLACKBURN *v.* ALPENA CIRCUIT JUDGE.

MANDAMUS—DECLARATION—JOINT CONTRACT—AMENDMENT.

　　Where plaintiff, after the death of her husband, brought an action in her own name to recover on a joint contract made by her husband and herself with defendant, the action of the circuit judge in permitting an amendment to the declaration, allowing her to continue the action in the name of herself as survivor of herself and her deceased husband, is not reviewable on *mandamus*. *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417, followed.

*Mandamus* by William A. Blackburn to compel Frank Emerick, circuit judge of Alpena county, to strike an amended declaration from the files. Submitted February 16, 1904. (Calendar No. 20,186.) Writ denied March 15, 1904.

*Joseph H. Cobb*, for relator.

*Charles R. Henry* (*R. J. Kelley*, of counsel), for respondent.

GRANT, J. The relator is defendant in a suit decided by this court March 30, 1903, and reported in 132 Mich. 525 (94 N. W. 24). After that decision, holding that the action was single, and could not be split, the circuit judge, on motion of the plaintiff's attorney, permitted an amendment to the declaration, allowing the plaintiff to continue the action in the name of herself as survivor of herself and George N. Blackburn, her deceased husband. The relator now asks the writ of *mandamus* to compel the respondent to strike this amended declaration from the files.

It was a former practice of this court to dispose of questions of this character in *mandamus* proceedings. The counsel for relator cites several such cases. The practice, however, was settled in *St. Clair Tunnel Co. v. St. Clair Circuit Judge*, 114 Mich. 417 (72 N. W. 249), wherein it was held that, although the amendment set up a new and different cause of action, it would not be reviewed by *mandamus*. We followed that case in *City of Detroit v. Wayne Circuit Judge*, 125 Mich. 634 (85 N. W. 1), where the claim was that the amendment introduced a new and different cause of action, barred by the statute of limitations. Counsel for relator concedes that these cases are decisive against his contention that *mandamus* is the proper remedy, and asks that we return to the former practice. The reason why *mandamus* should not be resorted to in these proceedings is sufficiently stated in *St. Clair Tunnel Co. v. St. Clair Circuit Judge*. We have followed that decision for more

than six years, and see no occasion now to depart from it. If the amendment is not within the statute of amendments, the defendant may, as in case of demurrer, stand upon his objection, allow judgment to pass against him, and raise the question by writ of error. If he has not sufficient confidence in his objection to stand upon it, it is no injustice to require him to plead and stand trial upon the merits.

The writ is denied.

The other Justices concurred.