JENSEN *v.* GAMBLE.

1. ACTION—ESTATES OF DECEDENTS—BILLS AND NOTES—DIVIDING UP CAUSE OF ACTION—JUDGMENT—INDIVISIBILITY OF CAUSE OF ACTION.

The principle which prevents the splitting up of causes of action and forbids double vexation for the same thing is a rule of justice, and not to be classed among technicalities; an entire claim or demand arising out of a single transaction, whether in the nature of a tort or contract, cannot be divided into distinct claims and the same form of action be brought for each, or two suits be maintained without the consent of the party liable.

2. SAME—BILLS AND NOTES—ESTATES OF DECEDENTS.

Where plaintiff was one of three beneficiaries entitled to the proceeds of a note which formed part of a decedent's estate, and, as determined in the final order of distribution made by the probate court, he was entitled to one-third interest in the instrument, an action could not be maintained under 3 Comp. Laws 1915, § 13916, for his distributive share, since the obligor should not be compelled to respond in several proceedings upon a note creating a single debt or obligation.

3. SAME—EXECUTORS AND ADMINISTRATORS.

And, if the executor of the estate had been discharged, an administrator *de bonis non* might be appointed to bring the action, or, in the event the other claimants would not join in bringing suit, they might be made defendants in equity, where the whole controversy can be determined.

4. SAME—PLEADING—NONJOINDER.

It was not necessary for defendant to plead nonjoinder in abatement: the objection being fatal at any stage of the proceedings in contract actions.

Error to Oceana; Sullivan, J. Submitted February 2, 1916. (Docket No. 39.) Decided March 31, 1916.

Assumpsit by Lewis Jensen against Joseph E. Gamble on a promissory note. Judgment for plaintiff on a

verdict directed by the court.   Defendant brings error. Reversed; new trial denied.

*F. E. Wetmore,* for appellant.

*Sutherland, Johnson & Sessions,* for appellee.

STONE, C. J.   This is an action of assumpsit commenced by declaration.   In the introductory part of the declaration is the following averment:

"For that whereas, the said plaintiff avers that on, to wit, the 9th day of March, 1915, he was the owner of an undivided one-third of a promissory note, a copy of which is hereafter set forth."

The remainder of the declaration consists of the common counts alleging that the indebtedness accrued to the plaintiff, without alleging any assignment or transfer to the plaintiff, from any person.

At the foot of the declaration there was the following notice:

"To the Above-Named Defendant:   Take notice that on the trial of the above cause, the plaintiff under the money counts, will give in evidence a certain promissory note, a copy of which is given below."

Signed by attorneys for plaintiff.

"Copy.

"February 1, 1901.

"One year after date I promise to pay to the order of Charles Jensen sixty-three hundred ($6,300.00) dollars, with interest at the rate of 5 per cent. per annum.   Value received.

"$6,300.00.                    J. E. GAMBLE."

On the back of the note there were three indorsements of interest.

The plea was the general issue with a special notice of the statute of limitations, and claiming, among other things, the following:

"This defendant will further insist in his defense that this is bringing a suit for a part only of a claim,

and cannot for that reason be maintained. Defendant will further show that the plaintiff has no right to bring said action in its present form."

To maintain the issue, the plaintiff offered in evidence the promissory note, a copy of which appears above, and also introduced the files in the probate proceedings in the matter of the estate of Charles Jensen, deceased (he died July 1, 1905), including the will of Charles Jensen, which devised all his property, both real and personal, to Anna Jensen. The probate proceedings showed the appointment of Burt Wickham, as administrator of the estate of Charles Jensen, and contained the inventory showing that the total property belonging to the estate was the note in suit. Plaintiff also introduced the final account of Burt Wickham, as administrator, showing that the note of $6,300 was on hand.

The final order of distribution in the estate of Charles Jensen was introduced, and, in part, it was as follows:

"It further satisfactorily appears to the court that after the death of Chas. Jensen, his wife, Anna Jensen, the sole legatee under the will of the said Chas. Jensen took over said note, and retained it during her lifetime, and that at her death (she died March 5, 1912), it passed to the custody and control of Francis W. Fincher, the executor of the estate of the said Anna Jensen, and that at the time of her death she was the owner of said note, and all rights under said note, and that said note now belongs to, and is a part of, the estate of the said Anna Jensen."

The petition of Francis W. Fincher, the executor of the last will and testament of said Anna Jensen, showing that said estate had been fully administered, and that he desired to file his final account and be discharged, and that the residue of the estate be distributed, was offered and received in evidence.

The final order of distribution in the Anna Jensen

estate was received in evidence, and was in part as follows:

"It satisfactorily appears to the court that there is now in the hands of said executor the sum of $298.06, and a certain note dated the 1st day of February, 1901, for the sum of $6,300 given by J. E. Gamble to Charles Jensen, which note at her death belonged to the said Anna Jensen. It further satisfactorily appears to the court that the final account of said executor should be allowed at the sum of $65 for his services, besides his expenditures, and that the residue of said estate, including said note, belongs equally to Lewis Jensen, Maggie Gulumbo, and Annie Gamble, each to have and own one-third; it is therefore ordered, adjudged, and decreed that  *  *  *  the residue of said estate be distributed equally between Lewis Jensen, Maggie Gulumbo, and Annie Gamble, and that the said note for $6,300 and the interest thereon shall belong to the said Lewis Jensen, Maggie Gulumbo, and Annie Gamble, each to have a one-third interest therein."

It also appeared that the will of Anna Jensen, deceased, which had been duly admitted to probate, bequeathed to Lewis Jensen, Maggie Gulumbo, and Annie Gamble, each one-third of any property which she might own at the time of her death.

At the close of the plaintiff's case, counsel for defendant moved the court for a directed verdict in his favor, for the reason that the case as made was a splitting up of an indivisible cause of action, and an attempt to sue upon and recover only a portion of the note. The motion was overruled and an exception duly taken. The court directed a verdict and judgment for the plaintiff for $2,450 and costs. The defendant brings error.

The first two assignments of error are to the following effect:

(1) That the court erred in overruling defendant's motion to direct a verdict for defendant for the reason above stated.

(2) That the court erred in holding and determining that the statute gave a right of action for an undivided interest in the note in suit.

The last assignment of error raises objection to the specific language of the charge as to the liability of the defendant in this action.

It is the claim of the appellant that this was the splitting up of an indivisible cause of action, and as such cannot be maintained by the plaintiff, and the following cases are cited in support of that position: *Dutton* v. *Shaw*, 35 Mich. 431; *Allison* v. *Connor*, 36 Mich. 283; *Hartford Fire Ins. Co.* v. *Davenport*, 37 Mich. 609; *Mercantile Ins. Co.* v. *Holthaus*, 43 Mich. 423 (5 N. W. 642); *Milroy* v. *Mining Co.*, 43 Mich. 231 (5 N. W. 287); *Vincent* v. *Moore*, 51 Mich. 618 (17 N. W. 81); *Continental Ins. Co.* v. *Lumber Co.*, 93 Mich. 139 (53 N. W. 394, 32 Am. St. Rep. 494); *Blackburn* v. *Blackburn*, 132 Mich. 525 (94 N. W. 24); *Union Ice Co.* v. *Railway Co.*, 178 Mich. 346 (144 N. W. 1033).

In *Dutton* v. *Shaw, supra,* this court said:

"The principle which prevents the splitting up of causes of action, and forbids double vexation for the same thing, is a rule of justice, and not to be classed among technicalities. It was intended to suppress serious grievances."

In *Continental Ins. Co.* v. *Lumber Co., supra,* it was said:

"It is a well-settled rule that an entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims, and the same form of action brought for each, or two suits maintained, without defendant's consent," and many cases are cited.

On the other hand, it is the claim of the plaintiff that he had the right to bring and maintain this suit for his share of the note, as adjudged by the decree of

the probate court, under section 9444, 3 Comp. Laws, as amended by Act No. 177, Pub. Acts 1903 (3 Comp. Laws 1915, § 13916), which reads as follows:

"In such decree the [probate] court shall name the persons and the proportions or parts to which each shall be entitled; and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any other person having the same, or any part thereof. * * *"

Counsel cite authorities from other States, also *Perrin* v. *Lepper*, 34 Mich. 292, and *Michaud* v. *Lumber Co.*, 122 Mich. 305 (81 N. W. 93), and they urge that defendant, not having pleaded nonjoinder of plaintiffs, is in no position to raise the question here urged.

There can be no doubt that the rule of law against the splitting of a single cause of action into several actions is founded upon the plainest and most substantial justice; that is, that litigation should have an end, and that no person should be unnecessarily harassed with a multiplicity of suits.

The rule that a single cause of action cannot be split and made the subject of several actions applies, as a rule, where the cause is in favor of several persons jointly or against several persons jointly, and since a plaintiff having an entire indivisible demand cannot divide it into distinct parts, and maintain separate actions on it, so he cannot accomplish the same result by an assignment of a part of his demand, thereby enabling others to do what he could not do. 1 R. C. L. p. 341, and cases cited; 23 Cyc. p. 439 *et seq.*

It would be unjust to hold that where A. has given his promissory note for a stated amount, all of which is due at one time, he should be subjected to three or perhaps ten suits upon such individual obligation or contract. There can be but one action on a single demand.

We are of the opinion that there is nothing in the

statute above referred to which modifies or abrogates the rule just stated. It cannot be successfully urged that there is no way in which the rights of the plaintiff and defendant can be determined, except by maintaining this action. The record does not show that the executor of the estate and will of Anna Jensen has been discharged. If he has been discharged, an administrator *de bonis non* could be appointed to bring the suit, or, in case the other claimants will not join as plaintiffs, they may be made defendants in a suit in equity, and the whole controversy be brought before the court and determined in one suit. *Mercantile Ins. Co.* v. *Holthaus, supra;* 4 Cyc. pp. 28, 29, and cases cited.

We cannot agree with plaintiff's counsel that it was necessary for defendant to have pleaded the nonjoinder of plaintiffs in abatement. Where persons who ought to be made plaintiffs, in an action on a joint contract, are not joined as such, the objection need not be urged by plea in abatement, or even by special notice, but is fatal on objection, at any stage of the action. *Blackburn* v. *Blackburn, supra,* and cases there cited; 1 Green's Mich. Practice (3d Ed.), § 261.

The rule is otherwise in actions of tort, as stated in *Michaud* v. *Lumber Co., supra,* and in *Achey* v. *Hull,* 7 Mich. 423. We think that the trial court erred in not directing a verdict and judgment for the defendant, for the reason above stated.

The judgment of the court below will be reversed, and no new trial granted.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.