MOTE v. LIPPERT.

1. EXECUTORS AND ADMINISTRATORS—PARTIES.
    Under 3 Comp. Laws 1915, § 12353, administrator was proper party to bring action to renew judgment where he had not been discharged and had not assigned said judgment, although he had filed his final account, and probate court had made an order assigning to distributees their respective shares in the estate.

2. SAME—ORDER OF DISTRIBUTION MERELY DECLARATORY.
> Order of distribution of personalty made by probate court is merely declaratory as to persons who are entitled to same, and additional act by administrator is required to carry out order.

Error to Allegan; Cross (Orien S.), J. Submitted April 8, 1930. (Docket No. 11, Calendar No. 34,823.) Decided June 2, 1930.

Assumpsit by Loren S. Mote, as administrator of the estate of William A. Mote, deceased, against John W. Lippert on a judgment. From a judgment for plaintiff, defendant brings error. Affirmed.

*Watt & Colwell*, for plaintiff.
*Fred P. Geib*, for defendant.

BUTZEL, J. Plaintiff, as administrator of the estate of William A. Mote, deceased, on the 7th day of May, 1917, recovered a judgment against defendant on a note of doubtful value and previously described in the inventory as "not taken in consideration." Plaintiff duly filed his final account in the probate court for the county of Ionia, and an order of distribution was made assigning to the various heirs their respective shares in the estate. In describing the personal property in this order the judgment taken on the note was set forth. The administrator, however, presented no petition for his discharge or for the cancellation of his bond, nor is it claimed that he ever was discharged or that he took any steps to assign the judgment to any of the distributees. All of the property, with the exception of the judgment against defendant, had been reduced to cash or its equivalent, and the respective heirs, with the exception of one minor, gave plaintiff their receipts for full. payment of their

distributive shares. The guardian of the minor also gave a receipt, but excepted from it the minor's interest in the claim against defendant. Unless the order of assignment *ipso facto* transferred the judgment to the distributees, it still remained in the hands of the administrator. Suit was brought by him in the circuit court for the county of Allegan for the purpose of renewing the judgment originally obtained on May 7, 1917. Plaintiff recovered judgment, and defendant has appealed.

The only error claimed is that plaintiff lost all right, title, and interest in the judgment upon the entry of the order of assignment to the heirs by the probate court, and the delivery of receipts acknowledging payment in full by all of them with the exception of the minor's guardian. It is claimed that the plaintiff ceased to be a party in interest, and suit should have been brought by the heirs. The judicature act, which provides that every action shall be prosecuted in the name of the real party in interest, makes the following exception:

" * * * an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought." 3 Comp. Laws 1915, § 12353.

If plaintiff, therefore, was still the administrator of the estate and had not assigned the judgment, he would be the proper person to bring the suit.

The order of distribution of personal property operated as a direction and order to the administrator to turn over the property. This, however, requires some further action on his part, such as the signing of checks or stock certificates, turning over

merchandise, cash, etc., giving a bill of sale, assigning choses in action, or such other act or acts as may be necessary to turn over the title and possession of such personal property to parties to whom the court by its order has designated as entitled thereto. Until this is done, the administrator still holds the property, subject to the right of the heirs to compel the distribution by appropriate action. It may be that the various distributees preferred that the judgment of uncertain, or possibly negligible, value should remain in the hands of one person who could look after its collection, instead of having it divided among the seven interested heirs, one of whom was a minor.

A similar question arose in the case of *Jensen* v. *Gamble,* 191 Mich. 233, where one of the distributees of an uncollected note attempted to bring an action for his one-third interest in the note, claiming such right under an order of the probate court assigning the note to the plaintiff and to other heirs. In filing his final account, the executor had presented a petition to be discharged, though the record does not show that he had been discharged. The court held that the executor could bring suit, and that:

"If he has been discharged, an administrator *de bonis non* could be appointed to bring the suit, or, in case the other claimants will not join as plaintiffs, they may be made defendants in a suit in equity, and the whole controversy be brought before the court and determined in one suit."

To like effect is the case of *Weyer* v. *Watt,* 48 Ohio St. 545 (28 N. E. 670).

Counsel for defendant insists that the order of distribution of personal property operates the same in regard to personal property as it does to real estate. The final order in regard to real estate has

the force and effect of a decree of partition, and *ex proprio vigore,* accomplishes a transfer of the real estate. However, the order is merely declaratory as to the persons who are entitled to personal property, and it requires an additional act by the executor or administrator in order to carry out this order. *Robinson* v. *Fair,* 128 U. S. 53 (9 Sup. Ct. 30); *Calhoun* v. *Cracknell,* 202 Mich. 430, 435.

In *Root* v. *Beymer,* 146 Mich. 692, the court said:

"The functions of an executor or administrator do not necessarily cease upon a final settlement and approval of his account, but he may, if occasion arises, pursue his duties further for the benefit of the estate, unless the probate records show a formal discharge from the trust."

The judgment of the lower court is affirmed, with costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.