Campbell, J.:
In this case Shaw had sold and delivered to Dutton several lots of staves, all at a price fixed by a contract, whereby Shaw was to deliver and Dutton to accept all the staves to be got out by Shaw in 1863.
After all the staves had been delivered, Shaw sued Dutton upon the contract, and the case went to judgment. During the trial Shaw failed, by reason of the absence or drunkenness of a witness, to prove an item of two thousand five hundred and forty-six staves, and that item he withdrew from the jury. He now sues Dutton to recover for the item thus withdrawn.
This item being within tbe- former declaration, and being a part of the articles furnished under a single contract entirely executed, cannot, on any known principle, be distinguished from any other case in which a party has failed for lack of proof. It was not a distinct cause of action, and the former judgment was a final determination of the damages to which Shaw was entitled under the contract. The principle which prevents the splitting up of causes of action, and forbids double vexation for the same thing, is a rule of justice, and not to be classed among technicalities. It was intended to suppress serious grievances.
The court erred in holding that this item was still open to litigation. The judgment must be reversed, with costs, and a new trial granted.
The other Justices concurred,