## William Allison v. William Connor and another.

*Fraud: Indivisible cause of action: Settlement.* A fraud cannot be separated into two causes of action, and one settled for and the other left open: it is and must be an entirety. And a demand for the fraudulently selling by defendants to the plaintiff of property not their own, which has been paid for partly in plaintiff's own money and partly with obligations of another, the transaction being a single one, cannot be split up and the fraud settled for so far as it applied to the cash purchase, and the controversy left open as to the residue.

*Settlement: Fraud: Charge to the jury.* And where a settlement is admitted, the controversy being whether it was a full accord and satisfaction or confined to the portion of the property for which plaintiff paid in his own money, and there being no evidence that it was expressly agreed to leave some portion of the controversy outside the settlement, a charge that if there was a full accord and satisfaction of plaintiff's individual claim, or if he released any claim or demand he had in his individual name, there could be no recovery, is held not error.

*Heard April 4. Decided April 18.*

Error to St. Joseph Circuit.

*Alfred Akey,* for plaintiff in error.

*W. Sadler & Son* and *H. H. Riley,* for defendants in error.

COOLEY, CH. J :

The plaintiff, who had purchased of defendants a quantity of railroad ties, paying therefor partly in money belonging to himself and partly in obligations belonging to the Michigan Air Line Railroad Company, has brought this action to recover from defendants for fraudulently selling to him ties they did not own. It appeared in evidence, and was admitted by the plaintiff, that there had been between him and the defendants some sort of a settlement, but there was a dispute as to how much it covered; the plaintiff claiming that it was a settlement only for so much as he purchased with his own money, and defendants claiming that there was a full accord and satisfaction.

The jury returned a verdict for defendants, and the plaintiff complains that the charge of the judge was calculated to mislead them as regards the settlement. Among other things they were instructed that if what the defendants delivered to the plaintiff was "then received and accepted by the plaintiff in full satisfaction of his individual claim against the defendants, the plaintiff cannot recover." And again: "If these parties have made an agreement and mutually adjusted the matters of difference between them at that time, by which the plaintiff has released any claim or demand which he then had in his individual name against these defendants, then he is by such release or such agreement forever barred from further pursuing the action which he might then have against them."

We cannot find any fault in these instructions. The plaintiff had but one claim against the defendants, and if he settled with them at all, it must have been for the whole claim. A fraud cannot be separated into two causes of action, and one settled for and the other left open; it is and must be an entirety. The evidence did not show distinct transactions between these parties in one of which the purchase was made with the plaintiff's own money and in the other with obligations of the railroad company, but it showed a purchase in which payment was made without any such discrimination. It was therefore obviously impossible for the plaintiff to settle for the fraud so far as it applied to a purchase with his own money, and leave the controversy as to any thing further still open. His demand was single and incapable of division.

Perhaps, had there been evidence that the parties expressly agreed to leave some portion of the controversy outside of the arrangement alleged to have been made by them, a question might have arisen which would have been embarrassing; but there was no such express evidence. It was denied by the plaintiff that any attempt was made to settle beyond what he had paid with his individual property; but

he does not claim that in such settlement as he did make any rights were expressly reserved by him. And as he could have had no claim against these defendants except an "individual" claim, we think the charge given was strictly correct.

The judgment must be affirmed, with costs.

The other Justices concurred.