ANDREAS *v.* SCHOOL DISTRICT NO. 4, FRACTIONAL, OF THE TOWNSHIP OF LEAVITT.

1. SPLITTING CAUSE OF ACTION—SET-OFF—JUSTICE'S COURT.

Where a defendant in justice's court interposes an indivisible cause of action for $150 as a set-off, then withdraws $50 of it, and has judgment for the $100, he is barred, on the principle against splitting causes of action, from suing for the remaining $50, though the justice, under 2 Comp. Laws, § 2741, could not render judgment for more than $100.

2. SAME—ACTION AGAINST PRINCIPAL AND SURETIES.

That the defendant was not the only defendant in the action, and the claim interposed was a debt due him alone, is immaterial, the action being on a contract against him and others as his sureties, in which case he was the real defendant, authorized by the statute (1 Comp. Laws, § 776, subd. 11) to interpose such a set-off.

3. SAME—UNLIQUIDATED DAMAGES.

That the claim on which defendant was sued was for unliquidated damages, so that under section 776, subd. 5, he had no right to interpose the set-off, is immaterial, he having successfully interposed it.

Error to Oceana; Russell, J.   Submitted October 5, 1904. (Docket No. 8.)   Decided October 18, 1904.

Assumpsit by Charles Andreas against school district No. 4, fractional, of the township of Leavitt, for an alleged balance due on a building contract.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*F. E. Wetmore* and *Wallace Foote*, for appellant.

*Hartwick & Skeels*, for appellee.

CARPENTER, J.   This case arises out of a contract whereby plaintiff agreed to build a schoolhouse for defendant.   After plaintiff had completed the building, and when there was $150 of the contract price unpaid, defendant's building committee, alleging that plaintiff had not

performed his contract, refused to pay the balance. The school district then brought an action in justice's court against Andreas, plaintiff herein, and his sureties, on a bond conditioned on the faithful performance of his contract. The defendants therein pleaded the general issue and gave notice of a set-off due Andreas, amounting to $170. This $170 consisted of the $150 balance unpaid on the contract and several items for extras, aggregating $20. The trial took place before a jury, and after the evidence and arguments were concluded defendants "moved to withdraw $70 of their bill of set-off from the consideration of the jury." Plaintiff school district objected "to the withdrawal of any part of defendants' set-off at this time, unless they specified items." No items were specified. Defendants recovered a verdict and judgment of $100, which the plaintiff school district subsequently paid.

This suit is brought to recover the balance withdrawn in the first case, as above stated. It was commenced in justice's court, where plaintiff recovered a judgment. It was appealed to the circuit court, and on the trial in that court defendant insisted that the principle which prevents a party splitting up an indivisible cause of action constituted a defense. The trial judge denied the application of this principle, and plaintiff obtained a verdict and judgment. Was this decision correct? It is unnecessary to determine in this case whether or not plaintiff had the right to withdraw from the consideration of the first jury his items for extras. He did not indicate, and he refused to indicate, his intention to withdraw those items. His intent was to withdraw a balance of $70, of which at least $50 was a part of an indivisible balance due on the contract. He intended, therefore, to split up an indivisible cause of action. If he recovers in this case, it must be on the ground that the law will give effect to such an intent. The principle that an indivisible cause of action cannot be split up is well settled in this court. See *Dutton* v. *Shaw*, 35 Mich. 431; *Allison* v. *Connor*, 36 Mich. 283; *Milroy* v. *Mining Co.*, 43 Mich. 231; *Continental Ins. Co.* v. *Lumber Co.*, 93 Mich. 139.

It is contended that that principle is inapplicable to this case, because plaintiff, being one of several defendants, had no right to set off an indebtedness due to him alone. This view was adopted by the learned trial judge. In doing this he overlooked the fact that the action was upon a contract against plaintiff as principal and his codefendants as sureties, and that, therefore, under section 776, subd. 11, 1 Comp. Laws, the right of set-off existed. See *Busch* v. *Jones*, 94 Mich. 223; *McGraw* v. *Union Trust Co.*, 136 Mich. 521.

It is said that plaintiff had no right to assert his set-off in justice's court, because the claim upon which he was sued was for unliquidated damages. See section 776, subd. 5, 1 Comp. Laws. But he did assert it, and thereby obtained a judgment. The present claim of the plaintiff is that his judgment was the result of an erroneous ruling. The question before us is whether that erroneous ruling lessens the effect of the judgment. It is authoritatively settled (see 2 Freeman on Judgments, § 337) that it does not.

It is said that plaintiff had a right to split up his cause of action because the justice could not, under section 4721, 2 Comp. Laws, render a judgment for more than $100. This argument is not supported by authority and is opposed to reason. It cannot be urged that, because the defendant sued him in justice's court, the law compelled plaintiff to enforce his set-off there. Indeed, he himself contends, as above stated, that the law forbade such enforcement. We must therefore hold that plaintiff voluntarily chose to enforce his claim in the justice's court, and it is only just that he should abide the consequences of such choice. It is no argument against this conclusion that in England there is a statute which it is held (see *Webster* v. *Armstrong*, 54 L. J. Q. B. [N. S.] 236) gives the right, after one has asserted his claim in the mayor's court as a counterclaim to one there asserted against him, to recover the excess in another suit. We have no such statute.

It is contended that the judgment in the first suit is no bar

because, plaintiff's sureties being codefendants, the parties in that suit were not the same as in the present suit.    This point is not well taken.    Plaintiff was the real party in the first suit, and the judgment concludes the real parties. See *Bachelder* v. *Brown,* 47 Mich. 366.    In our judgment, the principle of law which forbids the splitting up of an indivisible cause of action applies in this case.

The judgment is reversed, and a new trial granted.

The other Justices concurred.