## CITY OF COVINGTON v. FERGUSON.

[No. 20,878. Filed June 21, 1906.]

1. MORTGAGES.—*Foreclosure.*—*Quieting Title.*—A complaint for foreclosure of a mortgage alleging that defendant claims and asserts a reversionary interest without right in the mortgaged premises, and that if such defendant has any title thereto, it is inferior to the mortgage lien, and praying a sale "free from all claims of defendant," the answer thereto being a general denial, properly puts in issue defendant's title to such lands. p. 45.

2. PARTIES.—*Mortgages.*—*Foreclosure.*—Under §269 Burns 1901, §268 R. S. 1881, any party claiming title adversely to plaintiff, or who is necessary to a complete determination of the questions involved, may be made a defendant in a foreclosure suit. p. 46.

3. QUIETING TITLE.—*Answer in Denial.*—*Sustaining Demurrer to Subsequent Answer.*—It is not error to sustain a demurrer to

City of Covington *v.* Ferguson—167 Ind. 42.

a second paragraph of answer of title in a foreclosure suit where the title is in issue, when the general denial is already pleaded, all defenses being admissible thereunder. p. 47.

4. PLEADING. — *Answers.—Demurrer.—Subsequent Withdrawal.* —The subsequent withdrawal of a paragraph of answer will not render erroneous a ruling on demurrer to another paragraph of answer, where such ruling was not erroneous when made. p. 47.

5. TRIAL. — *Issues.—Answers.—Cross-Complaint.*—Where cross-complaints contained the same facts alleged in answers, sustaining a demurrer to such answers was harmless, since the facts were provable under the cross-complaints. p. 47.

From Fountain Circuit Court; *Joseph M. Rabb,* Judge.

Suit by David S. Ferguson against the City of Covington and others. From a decree for plaintiff, defendant city appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Oliver S. Jones, A. T. Livengood* and *Oliver P. Lewis,* for appellant.

*Lucas Nebeker* and *V. E. Livengood,* for appellee.

GILLETT, J.—This suit was instituted by appellee against appellant and others to foreclose a real estate mortgage, executed by the Fountain, Warren & Vermillion Agricultural Association. The allegations of the complaint as to appellant are as follows: "Plaintiff further avers that the city of Covington, defendant herein, a municipal corporation in and under the laws of Indiana, claims and pretends to have and own a contingent estate in fee simple, dependent upon the condition that should said corporation, for any cause whatever, cease to exist, or should fail to take all proper care of said grounds, pay all taxes thereon, and keep the same properly and securely fenced, and strictly applied for the purposes for which said corporation was organized, for the period of five years, then said real estate to revert to said town, now city, of Covington, for a public park, commons or fair-ground, but plaintiff denies that said defendant has any contingent or other right, title or

interest whatever in any of such land. Plaintiff avers that if said defendant has, or shall be found or held to have, any title, right or estate, the same is subject to the lien of said mortgage, and said mortgage is paramount thereto, and that the same was duly conveyed and mortgaged to plaintiff, by virtue of the powers conferred therefor on said association by the deeds aforesaid, and by the law in force at the time of the execution of said mortgage." The relief sought by said complaint is the foreclosure of the mortgage and a sale of the mortgaged premises, "free from all claims of the defendants or any of them," for the purpose of raising and paying the plaintiff's debts. Defendant city unsuccessfully demurred to the complaint, and afterwards filed answer in three paragraphs, the first of which was a general denial. It then filed a cross-complaint in two paragraphs, and with this pleading there was filed what was denominated a fourth paragraph of answer by way of cross-complaint, which, for the sake of convenience, we shall hereafter denominate as a fourth paragraph of answer. The third paragraph of answer was directed to so much of the complaint as sought a foreclosure upon a particular fifteen-acre tract, and, in substance, the defense therein asserted was that said association deraigned its title from a deed, which was specially pleaded, and under which said city claimed that it was entitled to said real estate by virtue of a provision therein, which it is claimed amounted to a limitation. The first and second paragraphs of cross-complaint were ordinary paragraphs to quiet title as to the whole real estate against which a foreclosure was sought, and what we have denominated the fourth paragraph of answer set up substantially the same facts as are contained in the third paragraph of answer. Plaintiff filed a general denial to the cross-complaint, and demurred, for want of facts, to the second and third paragraphs of answer. The demurrer was sustained, to which ruling said city reserved a several exception. It then appears that the city withdrew its

fourth paragraph of answer, and refused and declined to amend the first and second paragraphs of answer, or to plead further to the plaintiff's complaint, but elected to stand by and upon its said answers. The cause was submitted, and, after hearing the evidence, the court entered a finding, that all of the allegations of the complaint were true, and it further found against the city on its cross-complaint. Upon the findings there was a decree of foreclosure, under which it was ordered that all the right, title, interest and claim of the defendants and each of them be sold for the purpose of raising and paying the amount due, and it was further adjudged that the city take nothing by its cross-complaint. From this decree the city appeals.

The first and second assignments of error, which draw in question the sufficiency of appellee's complaint, stand as waived. The remaining assignment is based on the alleged error of the court in sustaining appellee's demurrer to the third paragraph of appellant's answer.

It does not admit of doubt that under the issues which were formed by the answer in general denial to appellee's complaint the question was presented for adjudica-

1. tion as to whether appellant had any interest in the real estate against which a foreclosure was sought. Appellee sought, by his complaint, as he was entitled to do, to secure a decree of such a character that a sale thereunder would cut off the claim which it was charged that the city was asserting. That pleading amounted to a distinct challenge to the latter to come in and assert its claim of right, so that if appellee should be successful, a sale under the decree would pass a title divested of the claim which the city was alleged to be asserting. In *Masters* v. *Templeton* (1884), 92 Ind. 447, the question arose as to the right of Masters to assert a vendor's lien as against one Beckett, it appearing that the latter claimed under a decree of foreclosure, in which it was alleged "that all of the defendants, other than the mortgagors, 'claimed to hold some interest

or lien in and upon said real estate, but that they took and held the same subject to Beckett's mortgage lien.'" The court said: "The decree in Beckett's favor concludes the appellant from asserting any right or lien in the land superior to his, because she was a party to that action, and her rights were foreclosed by the decree therein rendered. Our code [§269 Burns 1901, §268 R. S. 1881] provides that 'any person may be made a defendant who

2. has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved.' This is a very comprehensive provision, and was meant to confer authority to settle in one suit all conflicting claims to property involved in the litigation. The rule is a wise and salutary one, for it enables the court to fully adjust all equities, to determine and protect all rights, and to put an end to litigation concerning the subject-matter of the suit by one decree. Multiplicity of actions is thus prevented, full force and effect secured to judicial decrees, and judicial sales made operative and effective. It has long been the law of this State, that conflicting claims of title may be settled, and questions of priority determined, in foreclosure suits, whenever the proper issues are tendered. * * * Prior to the adoption of the code system there was some reason for holding that the question of title could not be adjudicated in a foreclosure proceeding; for questions of title were triable only by courts of law, while the question of a right to a foreclosure was cognizable only by courts of chancery, and there was thus a conflict of jurisdiction whenever a legal title was asserted. This cannot happen under the code, where both law and equity jurisdiction are vested in one tribunal, where provision is made for bringing into court all parties interested, either in the property or the controversy, and where ample authority is conferred to determine all rights and adjust all equities in one suit. The provisions of our code upon

the subject of parties are very comprehensive, and the provisions respecting judgments and decrees are also very full and liberal, and we should do violence to its letter and spirit if we did not hold, to borrow the language of its framers, that the 'ultimate rights of the parties' may be determined in one action." In *Ulrich* v. *Drischell* (1882), 88 Ind. 354, 360, this court said: "While it is true that a proceeding to foreclose a mortgage is not a suit to quiet title, it is also true that in very many essential respects it is closely analogous. The parties are brought into court in such a suit for the purpose of adjusting all equities, rights and interests in the land, and the question of their rights to the land is one of the principal and controlling questions of the case. It is, in truth, the dominating and leading purpose of the suit. The subject of the controversy is a thing—the mortgaged real estate—and this the decree directly affects, for it settles the rights of the parties to it, measures their equities and adjusts their interests." See, also, *Woodworth* v. *Zimmerman* (1883), 92 Ind. 349; *Adair* v. *Mergentheim* (1888), 114 Ind. 303; *Gaylord* v. *City of LaFayette* (1888), 115 Ind. 423.

The proposition is too well settled to require the citation of authorities that where evidence of the particular matters which are set up in an answer to which a demurrer was sustained is admissible under the general denial, which was on file, the ruling, if erroneous, is harmless. Appellant cannot avail itself of its own action subsequent to the ruling on demurrer. The question is, did the sustaining of the demurrer constitute error at the time the ruling was made?

We may also call attention to the point made by appellee's counsel, that appellant was not circumscribed in the introduction of his evidence by the ruling on the third paragraph of answer, since the same affirmative matters were available to it under the issues ten-

dered by the first and second paragraphs of cross-complaint, citing *Luntz* v. *Greve* (1885), 102 Ind. 173; *State* v. *Hindman* (1903), 159 Ind. 586.

The cause went to trial on the issues as we have indicated that they existed, and we can only hold that the error relied on, in the state of the issues, is not available. Judgment affirmed.