## PEOPLE'S STATE BANK v. RUXER.

[No. 5,696.    Filed June. 26, 1906.]

1. PLEADING.—*Argumentative Denial.*—It is not error to hold an argumentative denial good, although its facts are provable under another paragraph of answer.    p. 421.

2. TRIAL.—*Interrogatories to Jury.*—*Irresponsive.*—*Refusal to Submit.*—It is not error to refuse to submit interrogatories to the jury where the facts sought are irresponsive to the issues. p. 421.

3. APPEAL AND ERROR.—*Interrogatories to Jury.*—*Request for.*—*Record.*—To raise any question on the court's refusal to submit interrogatories to the jury, the record must affirmatively show that· they were submitted to the court before the argument of counsel began.    p. 421.

4. SAME.—*Instructions.*—*Failure to Make Evidence Part of Record.*—Where appellant fails to make the evidence a part of the record, instructions will be presumed to be applicable to the evidence given.    p. 422.

5. SAME.—*Instructions.*—*Not All in Record.*—*Presumptions.*—Where all instructions are not affirmatively shown to be in the record, the presumption is that erroneous ones were withdrawn or corrected by those omitted from the record.    p. 422.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by the People's State Bank against Frank X. Ruxer. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Fisher & Gray, Suddarth & Casper* and *Charles F. Coffin,* for appellant.

*Philip Zoercher, W. A. Land, W. C. Mason, William E. Cox* and *Sol. H. Esarey,* for appellee.

COMSTOCK, P. J.—This cause was tried upon a substituted complaint in one paragraph. It alleges in substance that the defendant, on June 6, 1900, executed a certain promissory note for $141, due September 1, after date, in favor of Thomas McCartney, negotiable at the Huntingburg Bank, Huntingburg, Indiana; that before its matur-

ity McCartney, for a cash consideration, assigned and indorsed said note to the plaintiff in the regular course of banking business, and that plaintiff received it without any notice of any defense held by the defendant. A copy of the note is made a part of the complaint by exhibit.

The defendant answered in four paragraphs. The second and third were withdrawn. The first was a *non est factum*. The fourth was an argumentative denial. The cause was put at issue, and a trial by jury resulted in a verdict and judgment in favor of appellee.

The errors assigned challenge the sufficiency of the fourth paragraph of answer, the sufficiency of the evidence to sustain the verdict or the judgment, the action of the court in refusing to require the jury to answer certain interrogatories, the rulings upon instructions, overruling appellant's motion for judgment on the interrogatories notwithstanding the general verdict, and overruling appellant's motion for a new trial.

The fourth paragraph of answer contains allegations which might have been stricken out upon proper motion. Its averments were provable under the first paragraph of the answer. The demurrer might, therefore, have been sustained without reversible error. It contains also a direct denial of the execution of the note, and it was not error to hold it sufficient.

The interrogatories refused, of which complaint is made, do not call for findings of essential facts within the issues, and it was not error to reject them. *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663; *Lukin* v. *Halderson* (1900), 24 Ind. App. 645; *Salem Bedford Stone Co.* v. *Hilt* (1901), 26 Ind. App. 543; §555 Burns 1901, Acts 1897, p. 128, §1; *Town of Kentland* v. *Hagan* (1897), 17 Ind. App. 1.

The record does not affirmatively show that the interrogatories were submitted to the court before the argument of counsel began. *Malady* v. *Mc-*

*Enary* (1868), 30 Ind. 273. This specification is not sustained.

The evidence is not made, nor attempted to be made, a part of the record. Under these conditions, presumptions are indulged in favor of the action of the trial court in giving and in refusing to give instructions. *Sheeks* v. *Fillion* (1892), 3 Ind. App. 262; *DeHart* v. *Board, etc.* (1896), 143 Ind. 363; *Fifth Ave. Sav. Bank* v. *Cooper* (1898), 19 Ind. App. 13; *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673.

It does not affirmatively appear that the instructions given are all set out in the record. When erroneous instructions are given, and all the instructions are not in the record, it will be presumed that they were withdrawn or corrected by others given and not set out in the record. *State* v. *Winstandley* (1898), 151 Ind. 495.

Appellant concedes that there was no error in overruling its motion for judgment on the interrogatories notwithstanding the general verdict. This disposes of all the questions presented. This is the second appeal of this cause. *People's State Bank* v. *Ruxer* (1903), 31 Ind. App. 245. It has been thrice tried by jury. The record presents no reversible error.

Judgment affirmed.