## Johnson et al. *v.* Knudson-Mercer Company.

[No. 20,859.   Filed November 27, 1906.]

1. PLEADING.—*Reply.*—*Judgment.*—*Res Judicata.*—*Essentials.*— A reply of former adjudication must show (1) that the former judgment was rendered by a court having jurisdiction, (2) that the matter in issue in the present suit was or might have been adjudicated in such former suit, (3) that the parties to the issue were the same, and (4) that the judgment rendered was on the merits.   p. 431.

2. SAME.—*Reply.*—*Sufficiency.*—*Judgment.*—*Res Judicata.*—*Parties.*—*Identity.*—To an answer of want of consideration of the note sued upon, a reply showing that the present defendant was "one of the defendants" in a former suit; that an issue in such suit involved the question whether such note was founded upon a sufficient consideration; that such issue was decided in favor of the present plaintiff, sufficiently shows that the parties were the same.   p. 432.

3. JUDGMENT. — *Res Judicata.* — *Subject-Matter.*—*Parties.*—*Issues.*—To constitute a prior judgment *res judicata* the subject-

matter of the particular issue in the pending suit must be the same as in the prior suit, and the parties, or their privies, to the present suit must have been adverse parties to such issue in the prior suit.   p. 432.

4.   JUDGMENT.—*Res Judicata.—Issues.—Test.*—To constitute a prior judgment *res judicata* the particular issue in the present suit must have been determined in the prior suit, the test being whether the same evidence would sustain both the present and former issues, difference in the form of the suits being immaterial.   p. 432.

5.   PLEADING.—*Reply.—Res Judicata.—Parties.—Bills and Notes. —Consideration.—Principal and Surety.*—A reply of former adjudication, against the principal and surety on a note, showing that the question of the consideraiton of the note sued upon had been in issue between the present plaintiff and the principal on said note and decided in favor of the present plaintiff, is good as against such principal and his surety, where the reply shows that such other defendant was a surety.   p. 433.

6.   SAME. — *Reply. — Former Adjudication. — Subject-Matter.— Identity.*—To an answer of want of consideration of the note sued upon, a reply that such issue was litigated and determined in plaintiff's favor, on the merits, in a prior suit, sufficiently identifies the subject-matter of the former suit.   p. 433.

7.   SAME.—*Reply.—Former Adjudication.—Record of Former Suit.*—A reply of former adjudication does not need to set out a copy of the record of the former suit.   p. 434.

From Huntington Circuit Court; *J. Fred. France,* Special Judge.

Action by the Knudson-Mercer Company against Albert G. Johnson and another.   From a judgment for plaintiff, defendants appeal.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*T. G. Smith, C. W. Watkins* and *A. G. Johnson, in pro. per.,* for appellants.

*W. D. Hamer,* for appellee.

HADLEY, J.—Appellee sued appellants for a balance due on a promissory note.   The answer sets up that the note,

in excess of the amount already paid thereon, was without consideration. To this answer the plaintiff replied that "the consideration of the note sued on in this action was an issue in a suit in said Huntington Circuit Court, being cause No. 8,864, wherein this plaintiff was the plaintiff, and the defendant Albert G. Johnson one of the defendants therein; that said suit involved an accounting of a series of transactions between this plaintiff and the defendant Albert G. Johnson; that said Albert G. Johnson claimed and was awarded credit in that suit for the note sued on in this action, and the consideration of said note was made an issue in said suit between this plaintiff and said defendant Albert G. Johnson, and said issue was heard and determined in said cause No. 8,864 in favor of the plaintiff, and on March 29, 1904, judgment was rendered in said cause in favor of this plaintiff on the merits of said issue, and said issue is in full force and remains unappealed from; that Elias H. Coss, a defendant in this action, is surety only for the defendant Albert G. Johnson." To this paragraph of the reply defendant's demurrer was overruled, and this action of the court presents the only question for decision.

Under the approved practice in this State a plea of former adjudication must show: (1) That the former judgment was rendered by a court of competent jurisdiction; (2) that the matter now in issue was, or might have been, determined in the former suit; (3) that the particular controversy adjudicated in the former suit was between the parties to the present suit; (4) that the judgment in the former suit was rendered on the merits. 1 Works' Practice, §605; 9 Ency. Pl. and Pr., 619; *Jones* v. *Vert* (1889), 121 Ind. 140, 16 Am. St. 379; *Chicago, etc., R. Co.* v. *State, ex rel.* (1899), 153 Ind. 134; *State, ex rel.,* v. *Page* (1878), 63 Ind. 209, 212;

2 Van Fleet, Former Adjudication, p. 1327; 5 Current Law, 1516.

Appellant Johnson's first objection to the reply is that it does not show that the parties in the former suit were the same as in this. The averment is that "the defendant Albert G. Johnson, of this suit, was one of the defendants" in the former suit. But this is not all that is averred. The plea continues, "that said suit involved an accounting of a series of transactions between the plaintiff and said defendant Johnson, wherein Johnson claimed and was awarded credit in that suit for the note sued on in this action, and the consideration of said note was made an issue in said suit between this plaintiff and said Johnson," and that codefendant Coss was only surety on said note for Johnson. This was sufficient.

The expression often found in the books, that the subject-matter of the two suits must be the same, and the controversy between the same parties or their privies, is true in this State with some limitation. The subject-matter of the particular issue must be identical, and the parties or their privies to the pending suit must have been adverse parties to the same issue in the former suit, but it is not important that the parties to the two suits shall be the same. *Richardson* v. *Jones* (1877), 58 Ind. 240; 1 Works' Practice, §605; *Wilson* v. *Buell* (1889), 117 Ind. 315; *Board, etc.,* v. *Beaver* (1901), 156 Ind. 450, and cases cited; *Davenport* v. *Barnett* (1875), 51 Ind. 329, 333; *Finley* v. *Cathcart* (1898), 149 Ind. 470, 63 Am. St. 292; *State, ex rel.,* v. *Krug* (1884), 94 Ind. 366, 370; *Greenup* v. *Crooks* (1875), 50 Ind. 410.

Neither is it essential to a sufficient plea of former recovery that the plea should show that the former suit was the same. It is enough to show that the particular controversy was in issue, and judicially de-

termined between the parties to the present suit. "The best and most invariable test as to whether a former judgment is a bar," says a distinguished author, "is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence be found it will make no difference that the form of the two actions is not the same." 1 Freeman, Judgments (4th ed.), §259, and many cases collated. See, also, *Hereth* v. *Yandes* (1870), 34 Ind. 102; *Campbell* v. *Cross* (1872), 39 Ind. 155; *Reeves* v. *Plough* (1874), 46 Ind. 350; *Turner* v. *Allen* (1879), 66 Ind. 252; *Green* v. *Glynn* (1880), 71 Ind. 336; *McCarty* v. *Kinsey* (1900), 154 Ind. 447; *Wilson* v. *Buell, supra.*

The weakness suggested by the averment that the defendant Johnson was one of the defendants in the former case is overcome by the subsequent allegation that the note sued on in the present action and the consideration thereof were in issue in said former suit between the plaintiff and said Johnson, and decided in favor of this plaintiff. The appearance of the name of Elias H. Coss on the note, and as a defendant, is sufficiently explained by the averment that Coss was surety, only, for Johnson on said note. Johnson being the principal, he was the real party to the issue. *Andreas* v. *School Dist.* (1904), 138 Mich. 54, 100 N. W. 1021; 5 Current Law, 1510.

A further objection to the reply is that the subject-matter of the former suit is not sufficiently identified. We think otherwise. The present cause is an ordinary action on a promissory note. The answer is no consideration. The reply is that the note in suit and the consideration thereof were in issue in the former suit, and said issue was heard in said cause and determined in favor of this plaintiff, and judgment rendered thereon in favor of the plaintiff on the merits.

It is also contended that the reply should have been accompanied with the record of the former suit.

7.   This was unnecessary. *McCarty* v. *Kinsey, supra; Wilson* v. *Vance* (1877), 55 Ind. 584; *Richardson* v. *Jones, supra.*

We think the reply was good.

Appellee has filed no brief.

Judgment affirmed.