LOVE *v.* FLITCRAFT.

JUDGMENT — RES JUDICATA — JUDGMENTS OPERATIVE AS BAR—DI-
VISIBLE CAUSE OF ACTION.

Plaintiff brought attachment against defendant and declared for two payments on a building contract only one of which was shown by the proofs to be due at the time of suing out the writ.    Plaintiff then, with leave of the court, withdrew the second installment from consideration of the court and took judgment for the installment due.    *Held*, that the judgment did not bar a subsequent action on the second installment.

Error to Muskegon; Davis, J., presiding.    Submitted June 19, 1907.    (Docket No. 89.)    Decided July 1, 1907.

Assumpsit by Robert Love against Allen J. Flitcraft for work and labor, and materials furnished. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Cross, Lovelace & Ross*, for appellant.

*Nims, Hoyt, Erwin & Vanderwerp*, for appellee.

BLAIR, J. Plaintiff sued defendant upon the common counts for $250, claimed to be due him for work, labor, and material furnished in building a boathouse foundation, slip, etc. Defendant pleaded the general issue, and gave notice that the work was performed under a special contract, and that the terms thereof had not been complied with; that he claimed to recoup damages, and also pleaded former recovery. Judgment was rendered for the plaintiff, by direction of the court, for the full amount of his claim.

It appeared upon the trial of this case that the plaintiff, on the 1st day of August, 1905, caused to be issued out of the circuit court for the county of Muskegon a writ of attachment against the defendant. In the affidavit for the writ plaintiff claimed that there was then due him the sum of $500. Under this writ he caused property of the defendant to be attached to the value of $2,025. Defendant gave bond in twice the amount claimed to be due, in accordance with the statute, and the property was returned to him. Plaintiff filed a declaration upon the common counts in assumpsit, to which was attached a bill of particulars in the following language:

"To the Defendant:
"The following is a bill of particulars of the plaintiff's demand, for the recovery of which this action is brought, to wit:
"For work, labor, and material furnished by the plaintiff to the defendant in constructing foundation for new boathouse, driving additional piles, moving old boathouse, and constructing steps to boathouse, $500.

" For interest on said amount from June 30, 1905, at 5 per cent. per annum."

This bill of particulars is the same, substantially, except in amount, as the one in the case at bar. To this declaration defendant pleaded the general issue, and gave notice that the work was performed under a special contract, by which he was to pay $250 in 30 days after the completion of the work, and 60 days thereafter an additional sum of $250 in full for plaintiff's services; gave notice that the work was not performed according to contract; and claimed to recoup such damages as he had sustained by reason of such nonperformance. These notices of recoupment are substantially the same as those in the present case. Upon the trial it appeared that there was, according to the contract, only one-half of the payment due at the time of suing out the writ of attachment. Counsel for plaintiff thereupon obtained leave of the court, against defendant's objection, to withdraw from the consideration of the court and jury the second installment of $250. The jury rendered a verdict for the amount claimed, which defendant paid. Plaintiff afterwards brought this suit. Defendant claimed the right to show at this trial the breaches of the contract on the part of plaintiff, but the court refused to receive proof thereof. He also asked the court to direct a verdict in his favor, upon the ground that the former recovery was res judicata; but his motion was overruled, and a verdict directed in favor of plaintiff. To all these rulings defendant duly excepted, and on them has assigned error.

The only assignments of error discussed in appellant's brief are those raising the question of res adjudicata.

Counsel for appellant contend that this case is within the rule laid down in *Dutton* v. *Shaw*, 35 Mich. 431. We think the cases are palpably distinguishable. In *Dutton* v. *Shaw*, the plaintiff sought, by withdrawing a part of his claim which he had failed to prove, to split up an indivisible cause of action. We have uniformly held that this is not permissible. *Andreas* v. *School District*,

138 Mich. 54. In the case before us the cause of action was divisible, and, as pleaded by defendant, the second installment was not recoverable in the first suit.

Judgment affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.