### LEMCKE, EXECUTOR v. HENDRICKSON, EXECUTOR.

[No. 8,892.   Filed December 15, 1915.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— Where the subject-matter of appellant's fourth paragraph of answer included the field covered by the third paragraph, imposed no additional burden on appellant than was imposed by the third paragraph, and all proof admissible under the third paragraph was also admissible under the fourth, there was no error in sustaining a demurrer to such third paragraph.   p. 325.

2. CONTRACTS.—*Construction by Parties.*—Where the meaning of a contract is indefinite, obscure or ambiguous, the court will consider, and under certain conditions will adopt the construction and practical interpretation placed thereon by the parties.   p. 330.

3. CONTRACTS.—*Construction by Parties.*—An agreement entered into by a tenant in common with his cotenant whereby the latter was induced to join the former in a trade of their common property for other property, in which they were to hold their interests in the ratio of three-fifths and two-fifths respectively, and stipulating that the latter's interest in the net rental proceeds should be not less than $400 annually, provided the net proceeds equal that amount, does not mean that the latter shall have that amount in any case, to the exclusion of the former, if necessary, so that, the annual net rental proceeds exceeding $1,000, they share in the entire amount in the ratio of their interests in the property.   p. 330.

From Probate Court of Marion County (9,446); *Frank B. Ross*, Judge.

Claim by Edwin A. Hendrickson, as executor of the will of Augustus M. DeSouchet, deceased, against the estate of Julius A. Lemcke, deceased. From a judgment for claimant, Ralph A. Lemcke, executor, appeals.  *Reversed.*

*Roscoe O. Hawkins* and *Gaylord R. Hawkins*, for appellant.

*Pickens, Cox & Conder*, for appellee.

MORAN, J.—Appellee, Edwin A. Hendrickson, executor and trustee of the estate of Augustus M. DeSouchet, deceased, recovered a judgment in the Marion Probate Court of Marion County, Indiana, against appellant, Ralph A. Lemcke, executor of the estate of Julius A. Lemcke, deceased, in the sum of $1,007.77. By this appeal, a review of the judgment is sought. Appellee's right of recovery is based upon a claim, which, on account of the nature of the questions presented, can be best understood by setting the same forth in full, other than the verification.

"Estate of Julius A. Lemcke, deceased, to Edwin A. Hendrickson, Executor and Trustee, Dr., under the will of Augustus M. DeSouchet. To amount due under the following

Contract ........................ $2,000.00
Less credit of .................... 700.00
Net amount due.................. $1,300.00

'In order to induce Edwin A. Hendrickson, executor and trustee under the will of Augustus M. DeSouchet, to join in exchanging the real estate known as the Pierson Block on Delaware Street, Indianapolis, for the real estate known as the Kothe Flats on Virginia Avenue said city and the ground adjacent thereto Julius A. Lemcke agrees; That for the term of the next five years hereafter, if the said Virginia Avenue property remains unsold the said Hendrickson's interest, as trustee, in the net rental proceeds thereof, shall not be less than four hundred dollars annually. Provided, the net proceeds equal that amount and provided the said Lemcke is permitted to have the management of said real estate.' Claimant says that the net rental proceeds of said flats have equalled $400 annually and that deceased and his estate have managed the same, but that the said $400

annually has not been paid except the above sum of $700.''

In addition to an answer of general denial and a plea of payment, appellee filed two other affirmative pleadings, which he styles his third and fourth paragraphs of answer, but the matters pleaded therein make the same pleadings in set-off as a recovery in the sum of $448 is sought in each of said paragraphs by appellant as against appellee growing out of a course of dealings involving many business transactions in which both parties were interested. To the pleading styled as appellant's third paragraph of answer a demurrer was sustained, which ruling, together with the overruling of the motion for a new trial constitutes the errors relied on by appellant. Upon the issues being closed, the cause was tried upon an agreed statement of facts.

In the presentation of the error based upon the sufficiency of the pleadings, we shall refer to the same as they are referred to in the record as paragraphs of answer. The fourth paragraph of answer is quite voluminous, disclosing several transactions in which real property owned by the parties in common was exchanged for other real estate; loans negotiated to the amount of several thousand dollars to discharge obligations theretofore incurred against the real estate; rent collected by appellant in the neighborhood of $16,000, covering a period of over four years, and, by the process resorted to in the casting up of the account between appellant and appellee, a balance is shown by this answer in favor of appellant in the sum of $448. The third paragraph of answer does not specifically plead

1. the facts in reference to the transactions and negotiations included in the fourth paragraph; however, the subject-matter included in the fourth paragraph includes that field covered by

the third paragraph, and imposes no additional burden upon appellant to that imposed by the third paragraph; and any proof that could have been admitted under the allegations of the third paragraph was admissible under the allegations of the fourth paragraph, therefore no error was committed by the court in sustaining the demurrer to the third paragraph of answer. *Peoples State Bank* v. *Ruxer* (1906), 38 Ind. App. 420, 78 N. E. 337; *Bivens* v. *Henderson* (1908), 42 Ind. App. 562, 86 N. E. 526; *City of Valapariso* v. *Spaeth* (1906), 166 Ind. 14, 76 N. E. 514, 8 Ann. Cas. 1021; *Patrons Mutual Aid Society* v. *Hall* (1898), 19 Ind. App. 118, 49 N. E. 279; *City of Covington* v. *Ferguson* (1906), 167 Ind. 42, 78 N. E. 241; *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 79 N. E. 367.

Under the error assigned on the overruling of the motion for a new trial, the field covered by appellant's brief is that the decision of the court is not sustained by sufficient evidence, is contrary to law, and the assessment of the amount of recovery is erroneous, being too large. The agreed statement of facts covers many closely typewritten pages of the record; a brief statement of which, including the predominant facts thus found will furnish a basis for a presentation of the questions involved. Prior to January 1, 1906, Julius A. Lemcke and Augustus M. DeSouchet were owners in fee simple, as tenants in common of the Pierson block in the city of Indianapolis, owning an undivided three-fifths and two-fifths respectively. Subsequent to March 3, 1906, DeSouchet died and appellee was appointed executor and trustee of his estate. On the date last mentioned the Pierson block was exchanged for the Kothe flats in the city of Indianapolis and on this date the contract heretofore referred to as a part of the claim, which is the basis of

appellee's cause of action, was entered into. The Pierson block was conveyed to Kothe, subject to a $35,000 mortgage held by the Marion Trust Company, and the Kothe property passed to Lemcke and Hendrickson subject to a mortgage of $16,000 held by the Northwestern Mutual Life Insurance Company. In addition to the indebtedness of $35,000 against the Pierson block, Lemcke and Hendrickson owed Lemcke money advanced in connection with their ownership of the Pierson block in two items of $300 and $17,000 respectively, so at the time of the conveyance, the indebtedness of Lemcke and Hendrickson as owners of the Pierson block was $52,300, with a balance on hand of rental $109.61. Thus they started into the new investment with a preëxisting indebtedness of $33,300, consisting of the $16,000 mortgage on the Kothe flats and the two items of indebtedness of $300 and $17,000, aforesaid. On March 7, following the conveyance Hendrickson loaned Lemcke and Hendrickson $2,454.54 to take care of expenses incident to the exchange of the properties, consisting of a brokerage commission of $1,500 and a payment to Kothe of the difference in insurance and interest. Shortly thereafter for the purpose of merging the indebtedness into one item, a loan of $35,120, secured by a mortgage on the Kothe flats, was obtained by Lemcke and Hendrickson from the Marion Trust Company, but after obtaining the loan, it was found insufficient to take care of all the indebtedness connected with this transaction and an additional loan of $928.58 was obtained from the Fletcher National Bank, which took care of the balance of the outstanding indebtedness, together with $120 of the principal of the $35,120 loan held by the Marion Trust Company; so the Kothe flats cost Lemcke and Hendrickson, not including the

equity they parted with in the Pierson block, $35,928.53, in other words, the basis of their investment in the Kothe flats was the equity they parted with in the Pierson block and $35,928.53. Lemcke and Hendrickson owned the Kothe flats until June 1, 1909, when Lemcke parted with his undivided interest to one Herman Tuttle; and thereafter Hendrickson and Tuttle owned the Kothe flats as tenants in common until June, 1910, when the same was sold at partition sale and purchased by Hendrickson. During the time that Lemcke and Hendrickson were the owners of the Kothe flats, covering a period of thirty-eight months, Lemcke had charge of all the business connected with the same, and together with the Marion Trust Company disbursed all the funds received from loans made and from rent collected. The receipts of the money obtained from the loans made and rent collected, and the disbursements made by Lemcke in connection with the Marion Trust Company, together with the construction to be placed upon the contract, heretofore referred to as being entered into between Lemcke and Hendrickson at the date of the exchange of the property, becomes material from this point. Covering the period of time that Lemcke and Hendrickson were the owners of the Kothe flats as tenants in common there came into the hands of Lemcke from money borrowed and rent received the total sum of $56,677.36, being the amount received from all sources and with which Lemcke was chargeable. He disbursed, including operating expenses and $700 paid to his cotenant, the sum of $56,747.34, in connection with his duties as manager of the property, thus disbursing $69.98 more than came into his hands from all sources. The total receipts from rents collected by Lemcke while the relation of tenants in common existed

between Lemcke and Hendrickson, was $16,435.43. Of this amount $8,534.95 was disbursed for operating expenses of the property, leaving a balance of rent in the sum of $7,900.48, of which they would have been entitled to three-fifths and two-fifths respectively, if their relation is not changed by the contract. The balance of the rent $7,900.48 not used to pay operating expenses, together with money borrowed that came into the hands of Lemcke went to discharge obligations which Lemcke and Hendrickson owed in the ratio of their interests in the Kothe flats.

The contract provides that in order to induce Hendrickson as executor and trustee of the estate of Augustus M. DeSouchet to join in the exchange of the properties, Julius A. Lemcke agreed that Hendrickson's interest in the "net rental proceeds" in the Kothe flats should not be less than $400 annually for a period of five years thereafter, if the property remained unsold, "provided the net proceeds equal that amount," and Lemcke was permitted to have the management of the real estate. Lemcke had the management of the property as contemplated by the contract, and the "net rental proceeds" exceeded $400 per annum. Appellee contends that under the contract the "net rental proceeds" having equalled $400 for each and every year throughout the time the parties were the owners as tenants in common of the Kothe flats, that appellee is entitled to $400 per annum out of the rent, and that whatever balance remained should go to the respective parties in the ratio of their interest in the property, and it is urged that this construction of the contract is sustained by the conduct of the parties by the payment of $700 by Lemcke to Hendrickson in six different installments from June 13, 1906, to January 17, 1908.

It is the law that when the meaning of a contract is indefinite, obscure or ambiguous, the construction placed thereon by the parties will be considered by the court in arriving at their intention, and it may become the duty of the court, under certain conditions to adopt the construction and practical interpretation placed on the contract by the parties. *Morris* v. *Thomas* (1877), 57 Ind. 316; *Gardner* v. *Caylor* (1899), 24 Ind. App. 521, 56 N. E. 134; *Cal Hirsch & Sons, etc., Co.* v. *Peru Steel, etc., Co.* (1912), 50 Ind. App. 59, 96 N. E. 807; *Diamond Plate Glass Co.* v. *Tennell* (1899), 22 Ind. App. 132, 52 N. E. 168; 6 R. C. L. 852, §241; 9 Cyc 590; *Sternbergh* v. *Brock* (1909), 225 Pa. St. 279, 74 Atl. 166, 133 Am. St. 877, 24 L. R. A. (N. S.) 1078; 2 Page, Contracts §1126; 2 Elliott, Contracts §1542. The rule seems to be clearly stated in *Morris* v. *Thomas, supra,* 322, as follows: "If there was any obscurity, uncertainty or ambiguity in the terms of this contract, then the acts of the parties in connection therewith, as suggested by appellant's counsel, would furnish valuable aid in the construction of the contract. But where, as in this case, the terms of the contract are plain, intelligible and free from doubt and uncertainty, rules of construction are unnecessary and of no possible service. In such a case, it is certainly not the province of the courts, by any rules of construction, to make another and entirely different contract for the parties from the one they made for themselves."

The rule sought to be invoked by appellee is only applicable when there is obscurity, uncertainty or ambiguity in the terms of the contract. From the large volume of business transacted and the circumstances under which the payments were made by Lemcke to Hendrickson, we can not

say that it would add much to appellee's contention even if the contract fell within that class applicable to the rule contended for; but here the contract seems to be plain and free from doubt and if so, the construction of the parties, if what they did should be regarded as placing a construction on the same, would not be of controlling influence, for as against a contract that is plain, free from doubt and ambiguity, an erroneous construction placed thereon will not be followed. *Diamond Plate Glass Co.* v. *Tennell, supra,* and authorities cited. The manifest inducement held out to Hendrickson by Lemcke to consent to the exchange of the properties was that ultimately there should be paid to him out of the rent received from the Kothe flats not less than $400 annually, for his share, if it produced so much, even if Lemcke had to forego all of his share of the rent. This seems to be the reasonable construction to place upon the contract, therefore the trial court erred in holding that appellee was entitled to $400 per annum irrespective of the amount of the rent received over and above the operating expenses. When the "net rental proceeds" reached $400, Hendrickson was entitled to this amount and Lemcke was no longer personally liable therefor but could apply the rent to this extent to discharge his obligation under the contract, and whenever the "net rental proceeds" reached $1,000, which it did and more, each year during the time that the relation as tenants in common existed between the parties as to the Kothe flats, and was applied to the obligations, which they owed in the relation as they were entitled to the rent, Hendrickson was not harmed thereby, for by privity of relation existing between them, a payment by Lemcke on obligations that they both owed would be equivalent to a payment to Hendrick-

son to the extent of his share of the rent thus applied. The "net rental proceeds", as we have seen, were $7,900.48, over and above the operating expenses, and of which appellee was entitled to $3,-160.19 and appellant to $4,740.29, all of which, together with money that came into appellant's hands from all other sources, and with $69.98 of his own money, was applied to the discharge of obligations owing from the parties respectively, except the $700 paid by Lemcke to his cotenant.

In accordance with the construction we have placed upon the contract, appellant was entitled to $69.98 out of the $700 paid Hendrickson, and after this deduction, appellant and appellee were entitled to the residue in the ratio that Lemcke and Hendrickson owned the Kothe flats. Judgment reversed with instructions to the lower court to grant a new trial, and for further proceedings consistent with this opinion.

NOTE.—Reported in 110 N. E. 691. See, also, under (1) 31 Cyc 358; (2) 9 Cyc 588