## JOHNSTON *v.* HAMILTON ET AL.

[No. 10,319. Filed April 20, 1920.]

1. JUDGMENT.—*Res Judicata.—Parties.—Pleading.*—An answer of former adjudication that shows that the former action was not between the same parties, is subject to demurrer. p. 185.

2. JUDGMENT.—*Res Judicata.—Issues.—Pleading.*—An answer of former adjudication that shows that the matters in suit, which sounds in tort, were not and could not have been litigated in the former action, which was in contract, is subject to demurrer. p. 185.

From Vanderburgh Superior Court; *F. M. Hostetter,* Judge.

Action by Susan Johnston against Mollie Hamilton and another. From judgment for defendants, the plaintiff appeals. *Reversed.*

*Sanford Trippett, Albert W. Funkhouser, Arthur F. Funkhouser* and *Robert D. Markel,* for appellant.

*Charles O. Baltzell, James T. Cutler* and *Robert C. Baltzell,* for appellees.

ENLOE, J.—This was an action by appellant against the appellees for damages alleged to have been sustained by reason of the alleged malicious and wrongful interference by appellees, whereby they procured one Kim-

ball to repudiate and break a contract theretofore made and entered into by and between appellant and said Kimball.

The complaint was in one paragraph, to which the appellees answered in two paragraphs, the first being a general denial and the second an answer of former adjudication. To this second paragraph of answer appellant unsuccessfully demurred, and was thereupon ruled to reply. The appellees thereupon withdrew their first paragraph of answer and, appellant refusing to further plead, but electing to abide by the ruling on her demurrer, judgment was rendered against her that she take nothing by her complaint, and that appellees recover their costs. Appellant now prosecutes this appeal, and the only error assigned is the action of the court in overruling the demurrer to said second paragraph of answer.

In the case of *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 79 N. E. 367, it was said: "Under the approved practice in this state a plea of former adjudication must show: (1) That the former judgment was rendered by a court of competent jurisdiction; (2) that the matter now in issue was, or might have been, determined in the former suit; (3) that the particular controversy adjudicated in the former suit was between the parties to the present suit; (4) that the judgment in the former suit was rendered on the merits."

Tested by the foregoing, the second paragraph of answer is fatally defective in two particulars, viz.:

(1) The suit, the adjudication of which was relied upon as a bar in this case, was not between the same parties, the appellees in this suit not having been parties to said former suit, nor in any way privies thereto. (2) It shows, by its specific averments, that the matters now in suit, were not, and in fact could not have been, litigated in said former suit,

said matters adjudicated in said former suit being matters *ex contractu*, and this present suit being founded upon an alleged tort of the appellees herein.

The court erred in overruling said demurrer, and the judgment is therefore reversed, with directions to set aside said judgment, to sustain appellant's demurrer to said second paragraph of answer, and for further proceedings.